IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEKEDRA CHENISE GIBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-3022-D |
| | § | |
| KIPP TEXAS PUBLIC SCHOOLS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment dispute, defendant Kipp Texas Public Schools ("Kipp") moves under Fed. R. Civ. P. 12(b)(6) to dismiss *pro se* plaintiff Tekedra Chenise Gibbs's ("Gibbs's") second amended complaint, and Gibbs moves for leave to amend. For the reasons that follow, the court grants Gibbs's motion for leave to amend and denies Kipp's motion without prejudice as moot.

I

On November 5, 2025 Gibbs filed this lawsuit against Kipp and three individual defendants, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. She filed an amended complaint on January 13, 2026 that removed the individual defendants. Kipp moved to dismiss Gibbs's amended complaint on February 5, 2026, but because Gibbs filed a second amended complaint on February 14, 2026, the court

denied Kipp's February 5, 2026 motion without prejudice as moot. On February 26, 2026 Kipp moved to dismiss Gibbs's second amended complaint. Gibbs responded in opposition to Kipp's motion on March 10, 2026,[1] and on April 13, 2026 filed the instant motion for leave to file a third amended complaint. Kipp opposes Gibbs's motion based on her alleged failure to comply with N.D. Tex. Civ. R. 7.1(a) and on the merits. The court is deciding the motions on the briefs, without oral argument.

II

As an initial matter, the court addresses Kipp's argument that the court should deny Gibbs's motion because she failed to confer with opposing counsel before filing it and filed a false certificate of conference, in violation of Rule 11.

Under this court's local civil rules, "[b]efore filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." N.D. Tex. Civ. R. 7.1(a). In addition, "[e]ach motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed." *Id.* at 7.1(b)(1). If a conference is not held, "the certificate must explain why it was not possible to confer, in which event the motion will be presumed to be opposed." *Id.* at 7.1(b)(3).

The certificate of conference included in Gibbs's motion states that she "attempted to confer with counsel for Defendant regarding the relief requested in this motion but did not

---

[1]Kipp filed its reply to this motion on March 17, 2026.

receive a response prior to filing.  Plaintiff remains available to confer." P. Mot. (ECF No. 23) at 2.  Kipp contends that this statement is "blatantly false," and that "[a]t no point in time did Gibbs confer or even attempt to confer with counsel for [Kipp] regarding her Motion." D. Br. (ECF No. 25) at 3 (emphasis omitted).  In her reply, Gibbs contends that she requested to confer in an email to defense counsel, and attaches a copy of a March 30, 2026 email to Paul Lamp, Esquire that states, *inter alia*:

> I am requesting to confer regarding my intent to file a Motion for Leave to Amend my complaint for the limited purpose of adding a Prayer for Relief, including punitive damages.  This amendment does not add any new claims or parties. . . .  Please let me know your availability to discuss this request by April 2, 2026, or alternatively, whether you will oppose the motion so that I may proceed accordingly.

P. Reply (ECF No. 26-1) at Ex. 1 (bold font omitted).[2]

Based on the evidence submitted in support of Gibbs's reply, it appears that Gibbs complied with local civil rule 7.1(a) in filing her motion for leave to amend and did not make a false statement about attempting to confer.  Accordingly, the court declines to deny her motion based on her alleged non-compliance with the conference requirement and alleged false statement, and it now turns to the merits of Gibbs's motion.

---

[2]Gibbs was not required in her opening motion and appendix to anticipate that Kipp would assert that Gibbs had failed to confer as a basis for denying the motion.  Accordingly, the court grants leave to file the evidence.

III

Rule 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases).

Kipp opposes Gibbs's motion on the ground that amendment would be futile. It contends that Gibbs continues to falsely allege that she timely filed a charge of discrimination with the EEOC, and that, despite her representation that she is seeking leave to amend solely to add a prayer for relief, including punitive damages, she has added several pages of additional factual allegations that do not change the fact that she has failed to plead viable claims under Title VII, the ADEA, and the FMLA. The court declines to deny Gibbs's request for leave to amend on the basis of futility of amendment.

This court's almost unvarying practice when futility is raised is to address the merits

of the claim in the context of a Rule 12(b)(6) or Rule 56 motion.[3]

> The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. Therefore, the court suggests no view regarding the merits of these claims, leaving that question to a decision in response to an appropriate motion.

*Baldwin v. Kenco Logistics Servs., L.L.C.*, 2021 WL 5908897, at *1 (N.D. Tex. Dec. 14, 2021) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court therefore declines to hold in the context of Gibbs's motion for leave to amend that her proposed claims against Kipp would be futile.[4] The court concludes under the liberal Rule 15(a)(2) standard that there are no sufficient reasons to deny Gibbs leave to amend, and it grants her motion.

IV

Kipp's February 26, 2026 motion to dismiss, which is directed at Gibbs's now-superseded second amended complaint, is denied without prejudice as moot.

\* \* \*

Accordingly, the court grants Gibbs's motion for leave to file her third amended complaint. The clerk of court is directed to file the amended complaint docketed at ECF No.

---

[3]A Rule 12(c) motion would also be an appropriate vehicle for challenging the merits of a claim.

[4]To the extent that Kipp contends that Gibbs has demonstrated a "pattern of bad faith" by falsely alleging that her EEOC charge was timely, D. Br. (ECF No. 25) at 4, this argument is better addressed in a separate motion, including in the context of a decision on the merits, rather than in the context of a motion for leave to amend.

23-1 (entitled "second amended complaint") as Gibbs's third amended complaint.  The court

denies without prejudice Kipp's motion to dismiss Gibbs's second amended complaint.

**SO ORDERED**.

May 22, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE